IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFERY FRANK GORDON, | § | |
| TDCJ-CID NO.1586761, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-10-1174 |
| | § | |
| TDJC, | § | |
| Defendant. | § | |

<u>OPINION ON DISMISSAL</u>

On December 17, 2009, plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed in the Northern District of Texas a complaint pursuant to 42 U.S.C. § 1983, in which he complained about the conditions of his confinement while he was incarcerated at the Pack and Coffield Units of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID").  (Docket Entry No.1).  On April 10, 2010, plaintiff's claims involving incidents that occurred at the Pack Unit were severed from the lawsuit and transferred to this Court.  (Docket Entry No.14).  On May 26, 2010, plaintiff filed a More Definite Statement of his claims pursuant to the Court's Order of April 29, 2010.  (Docket Entries No.22, No.26).

For the reasons to follow, the Court will dismiss the present complaint as legally frivolous and deny plaintiff's pending motions

<u>I. CLAIMS</u>

In 2001, during his first incarceration in TDCJ-CID for driving while intoxicated ("DWI"), plaintiff was diagnosed with Hepatitis C.[1]  (Docket Entries No.1, No.26).   In September 2002, while at the Pack I Unit, plaintiff was given latex gloves and assigned to work

---

[1] In 2006, plaintiff was informed by medical personnel at the Tulia Unit that the Hepatitis C was probably attributable to alcoholism.  (Docket Entry No.26).

as a laundry sorter, where he sorted clothing for convalescing inmates; such clothing was often contaminated with bodily fluids and fecal matter. (Docket Entries No.1, No.26). He was not instructed on the hazards of sorting infectious material. (Docket Entry No.1). Within weeks, plaintiff contracted a staph infection after he scratched a pimple on his neck. (Docket Entry No.26). Other lesions appeared and he became very ill. The infection was diagnosed as a multiple staph infection. (*Id.*). Medical personnel prescribed a fourteen day course of antibiotics to treat the staph infection, which included pills and shots. (Docket Entries No.1, No.26). Plaintiff was not treated for Hepatitis C. (*Id.*).

Thereafter, plaintiff was "cell passed" for thirty days for fear of re-infection. (Docket Entry No.26). He refused an order reassigning him as a laundry sorter, which resulted in a reduction in line class status and a transfer to the Coffield Unit of TDCJ. (*Id.*).

While at the Coffield Unit, plaintiff was exposed to tuberculosis. (Docket Entry No.1). He was discharged from TDCJ on October 15, 2003. (*Id*.). Plaintiff was unaware that he had been exposed to tuberculosis or that he had a rare and chronic Methicillin-resistant Staphylococcus aureus ("MRSA") infection. (*Id*.). While in the free world, plaintiff suffered from an attack of the MRSA infection. (*Id.*). In 2005, he returned to TDCJ-CID upon a second DWI conviction. (*Id.*). He continued to suffer from the Hepatitis C, exposure to tuberculosis, and the MSRA infection but unit medical personnel did not grasp the severity of his condition and did not adequately treat him for the same. (*Id.*). While on parole, plaintiff became ill and was hospitalized several times with the MSRA infection. (*Id.*). He was re-incarcerated in 2009 after a third DWI conviction. (*Id*.). Plaintiff now suffers from heart disease. (*Id*.).

Plaintiff complains that he was denied the proper long-term care for the MRSA infection and for Hepatitis C on the Pack I Unit.   (Docket Entry No.26).   Plaintiff seeks injunctive relief and monetary damages.  (*Id.*)

## II. DISCUSSION

The Prison Litigation Reform Act requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).   In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it.  *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist."  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  A complaint may be dismissed for failure to state a claim if the plaintiff does not allege enough facts to state a claim to relief that is "plausible" on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id.*).

To the extent that plaintiff seeks relief from TDCJ, the only named defendant in this case, plaintiff's suit is subject to dismissal. To prevail on a section 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). TDCJ is not a person but an agency of the state, which is immune from damages under the Eleventh Amendment. *See Pete v. Metcalfe*, 8 F.3d 214, 216 (5th Cir. 1993).

To the extent that plaintiff seeks relief from medical personnel at the Pack I Unit, his complaint is also subject to dismissal. The Eighth Amendment's prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The plaintiff must prove objectively that he was exposed to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The plaintiff must also show that prison officials acted or failed to act with deliberate indifference to that risk. *Id.* at 834. The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the prison officials were actually aware of the risk, yet consciously disregarded it. *Id.* at 837, 839; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002).

Deliberate indifference to serious medical needs may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Estelle*, 429 U.S. at 104-05. "[F]acts underlying a claim of 'deliberate indifference' must clearly evince the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759

4

F.2d 1236, 1238 (5th Cir. 1985).  "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants."   *Id.* Assertions of inadvertent failure to provide medical care or negligent diagnosis, however, are insufficient to state a claim.  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

In this case, plaintiff indicates that medical providers at the Pack I Unit treated him with antibiotics for fourteen days after he was diagnosed with a multiple staph infection. Thereafter, he was reassigned to the same job.  Plaintiff states no facts to show that Pack I Unit medical personnel consciously disregarded a risk that he might be infected with a rare and chronic MRSA infection that would require intensive treatment.  Furthermore, he states no facts to show that he required medical treatment for Hepatitis C while incarcerated at the Pack I Unit or that medical personnel were aware that he needed such treatment but disregarded any apparent risk of harm.  At most, plaintiff alleges that medical personnel were negligent.  Mere negligence does not constitute a section 1983 cause of action.  *Estelle*, 429 U.S. at 106.

Moreover, plaintiff's complaint against any medical provider or other defendant at the Pack I Unit is time-barred.  In cases brought under § 1983, federal courts apply the forum state's general personal injury limitations, *Wallace v. Kato*, 549 U.S. 384, 386 (2007), and its coordinate tolling provisions.  *Hardin v. Straub*, 490 U.S. 536 (1989).  In Texas, the limitations period for personal injury claims is two years.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.003; *Spotts v. U.S.*, 613 F.3d 559, 573 (5th Cir. 2010).

Under federal law, a claim accrues and the limitations period begins to run "when the plaintiff has a complete and present cause of action."  *Wallace*, 549 U.S. at 388; *Spotts*, 613 F.3d at 574 (noting limitations begins to run the moment the plaintiff becomes aware that he has suffered any injury or has sufficient information to know that he has been injured).  Plaintiff's

claims in this case accrued from 2002 to 2005, during which time he suffered recurrent and severe episodes of MSRA infections. Plaintiff executed the present complaint in December 2009, more than two years after his claims against Pack I Unit medical staff accrued. Therefore, plaintiff's federal civil rights claims against defendants at the Pack I Unit of TDCJ-CID are time-barred.

## III. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). All claims against all defendants are DENIED.

2. All pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 14th day of October, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE